1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CURTIS HOLLIDAY,

11            Petitioner,              No. CIV 10-cv-2747-JFM (HC)

12        vs.

13   GARY SWARTHOUT, *Warden*,         ORDER AND

14            Respondent.              FINDINGS & RECOMMENDATIONS

15   _____/

16            Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

18            Examination of the affidavit reveals petitioner is unable to afford the costs of this

19   action.  Accordingly, leave to proceed in forma pauperis is granted.  28 U.S.C. § 1915(a).

20            Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

21   dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to

22   it that the petitioner is not entitled to relief in the district court ...." Rule 4 of the Rules Governing

23   Section 2254 Cases.  The court must summarily dismiss a petition "[i]f it plainly appears from

24   the petition and any attached exhibits that the petitioner is not entitled to relief in the district

25   court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also

26   Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition

1

1  (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each

2  ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition

3  must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory

4  Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420.  Allegations in a petition that are

5  vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks, 908 F.2d

6  at 491.

7          Further, the Advisory Committee Notes to Rule 8 indicate that the court may

8  dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to

9  the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory

10  Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th Cir.

11  2001).

12          Federal habeas corpus relief is not available for any claim decided on the merits in

13  state court proceedings unless the state court's adjudication of the claim:

14          (1) resulted in a decision that was contrary to, or involved an
            unreasonable application of, clearly established Federal law, as
15          determined by the Supreme Court of the United States; or

16          (2) resulted in a decision that was based on an unreasonable
            determination of the facts in light of the evidence presented in the
17          State court proceeding.

18  28 U.S.C. § 2254(d).

19          Under section 2254(d)(1), a state court decision is "contrary to" clearly

20  established United States Supreme Court precedents if it applies a rule that contradicts the

21  governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially

22  indistinguishable from a decision of the  Supreme Court and nevertheless arrives at different

23  result.  Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406

24  (2000)).

25          Under the  "unreasonable application" clause of section 2254(d)(1), a federal

26  habeas court may grant the writ if the state court identifies the correct governing legal principle

1  from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the

2  prisoner's case.  <u>Williams</u>, 529 U.S. at 413.  A federal habeas court "may not issue the writ

3  simply because that court concludes in its independent judgment that the relevant state-court

4  decision applied clearly established federal law erroneously or incorrectly.  Rather, that

5  application must also be unreasonable."  <u>Id.</u> at 412; <u>see also</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63, 75

6  (2003) (it is "not enough that a federal habeas court, in its independent review of the legal

7  question, is left with a 'firm conviction' that the state court was 'erroneous.'").

8           The Due Process Clause of the Fourteenth Amendment prohibits state action that

9  deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

10  due process violation must first demonstrate that he was deprived of a liberty or property interest

11  protected by the Due Process Clause and then show that the procedures attendant upon the

12  deprivation were not constitutionally sufficient.  <u>Kentucky Dep't of Corrections v. Thompson</u>,

13  490 U.S. 454, 459-60 (1989).

14           A protected liberty interest may arise from either the Due Process Clause of the

15  United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

16  expectation or interest created by state laws or policies."  <u>Wilkinson v. Austin</u>,  545 U.S. 209,

17  221 (2005) (citations omitted).  <u>See</u> <u>also</u> <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 373 (1987).

18  The United States Constitution does not, of its own force, create a protected liberty interest in a

19  parole date, even one that has been set.  <u>Jago v. Van Curen</u>, 454 U.S. 14, 17-21 (1981);

20  <u>Greenholtz v. Inmates of Neb. Penal</u>, 442 U.S. 1, 7 (1979) (There is "no constitutional or

21  inherent right of a convicted person to be conditionally released before the expiration of a valid

22  sentence.").  However, "a state's statutory scheme, if it uses mandatory language, 'creates a

23  presumption that parole release will be granted' when or unless certain designated findings are

24  made, and thereby gives rise to a constitutional liberty interest."  <u>Greenholtz</u>, 442 U.S. at 12.  <u>See</u>

25  <u>also</u> <u>Allen</u>, 482 U.S. at 376-78.

26  /////

1     California's parole statutes give rise to a liberty interest in parole protected by the

2  federal due process clause. <u>Swarthout v. Cooke</u>, 562 U.S. ___ (2011), No. 10-333, 2011 WL

3  197627, at *2 (Jan. 24, 2011).  In California, a prisoner is entitled to release on parole unless

4  there is "some evidence" of his or her current dangerousness.  <u>In re Lawrence</u>, 44 Cal.4th 1181,

5  1205-06, 1210 (2008); <u>In re Rosenkrantz</u>, 29 Cal.4th 616, 651-53 (2002).  However, in

6  <u>Swarthout</u> the United States Supreme Court held that "[n]o opinion of [theirs] supports

7  converting California's 'some evidence' rule into a substantive federal requirement."  <u>Swarthout</u>,

8  2011 WL 197627, at *3.  Rather, the protection afforded by the federal due process clause to

9  California parole decisions consists solely of  the "minimal" procedural requirements set forth in

10  <u>Greenholtz</u>, specifically "an opportunity to be heard and . . . a statement of the reasons why

11  parole was denied."  <u>Id.</u> at *2-3.

12     In the petition pending before this court, petitioner appeared before the Board of

13  Parole Hearings ("the Board") for a parole consideration hearing on November 6, 2007.

14  <u>See</u> Doc. No. 1 at 42.  Petitioner appeared at and participated in the hearing.  <u>See id.</u>  Following

15  deliberations held at the conclusion of the hearing, the Board announced their decision to deny

16  petitioner parole and the reasons for that decision.  <u>Id.</u> at 186.

17     Petitioner challenges the Board's decision on three grounds: (1) there was no

18  evidence to support the conclusion that petitioner posed an unreasonable risk to public safety; (2)

19  the Board's factual findings are unsupported by the record; and (3) the Board's reliance on

20  disciplinary infractions to deny parole is unwarranted.  According to the United States Supreme

21  Court, the federal due process clause requires only that petitioner be present at and participate in

22  the parole hearing, and that the Board announce their decision with supporting reasons.  No more

23  is required of the Board.  Accordingly, petitioner's application for a writ of habeas corpus should

24  be dismissed without leave to amend.

25     Unless a circuit justice or judge issues a certificate of appealability, an appeal may

26  not be taken to the Court of Appeals from the final order in a habeas proceeding in which the

1   detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A);

2   Miller–El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if

3   the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2).

4   Under this standard, a petitioner must show that reasonable jurists could debate whether the

5   petition should have been resolved in a different manner or that the issues presented were

6   adequate to deserve encouragement to proceed further.  Miller–El v. Cockrell, 537 U.S. at 336

7   (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the

8   petitioner shows that jurists of reason would find it debatable whether the petition states a valid

9   claim of the denial of a constitutional right and that jurists of reason would find it debatable

10  whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473,

11  483–84 (2000).  In determining this issue, a court conducts an overview of the claims in the

12  habeas petition, generally assesses their merits, and determines whether the resolution was

13  debatable among jurists of reason or wrong. Id.  It is necessary for an applicant to show more

14  than an absence of frivolity or the existence of mere good faith; however, it is not necessary for

15  an applicant to show that the appeal will succeed.  Miller–El v. Cockrell, 537 U .S. at 338.

16          A district court must issue or deny a certificate of appealability when it enters a

17  final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

18          Here, it does not appear that reasonable jurists could debate whether the petition

19  should have been resolved in a different manner.  Petitioner has not made a substantial showing

20  of the denial of a constitutional right.  Accordingly, the court should decline to issue a certificate

21  of appealability.

22          Accordingly, IT IS HEREBY ORDERED that the Clerk of Court assign a district

23  judge to this case;

24          IT IS HEREBY RECOMMENDED that:

25          1.  Petitioner's petition for a writ of habeas corpus be dismissed without leave to

26  amend; and

2.  The court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 13, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;holl2747.114